## VALIDITY OF PURCHASE FROM INSOLVENT DEBTOR UNDER SECTION 6343 AS AMENDED.

BOBILYA v. PRIDDY, ASSIGNEE.

Decided, May 19, 1903—68 Ohio State, p. 373.

*Conveyances in Contemplation of Insolvency—Section 6343, Revised Statutes—Act of April 26, 1898—Purchase for Value from Insolvent Debtor Valid, when—Replevin—Affidavit for Order of Recovery—Section 5815, Revised Statutes—Not Error to Overrule Motion to set Aside Replevin, when—Question of Belief and Prejudice—Deposition—Evidence of .proper Writing and Subscription.*

1. While good practice requires that the petition in an action of replevin shall be separate from the affidavit required by Section 5815, Revised Statutes, it is not error to overrule a motion to set aside a writ of replevin based on the sole ground that the petition and such affidavit are contained in one pleading sworn to positively, and not merely on belief, there being no showing of prejudice.

2. A certificate by a notary public that a deposition "was reduced to writing by M. D. McMaster, and was subscribed by .the said witness in my presence," shows with sufficient clearness that the deposition was both reduced to writing and subscribed in the presence of the notary.

3. A purchase made in good faith and for fair value from an insolvent debtor while Section 6343, Revised Statutes, as amended April 26, 1898, was in force, must be held valid as to such purchaser, even though the seller may have made the sale in contemplation of insolvency, or with a design to prefer one or more creditors to the exclusion of others, or with intent to hinder, delay or defraud his creditors, and even though a deed of assignment, made by such debtor, was filed within ninety days after such sale.

4. Said Section 6343, when so construed, is a valid enactment.

Error to the Circuit Court of Van: Wert County.

One Charles M. Spahr on and before January 29, 1901, was indebted to George L. Bobilya on a secured note in the sum of $130, and rent of room $10, total $140. He also owed the Willshire bank $63, and owed certain notes which he had forged, amounting to $514.59, which notes were held by the Willshire bank for collection, and which notes he desired to pay to prevent prose-

cution for forgery. He owned a stock of goods and a horse and buggy, and sold the same on said January 29, 1901, to Mr. Bobilya for the sum of $717.59, and Mr. Bobilya took out of the purchase price said $140, and gave his check to Mr. Spahr for the balance, $577.59, and Mr. Spahr took the check to the bank and lifted his aforesaid forged notes, and paid said sum of $63, which he owned the bank. Within ninety days after said sale to Mr. Bobilya, Mr. Spahr made an assignment to Oscar W. Priddy for the benefit of his creditors, and Mr. Priddy, as such assignee, brought an action in replevin against Mr. Bobilya for the recovery of said stock of goods, horse and buggy under Section 6343, Revised Statutes, as amended April 26, 1898, his claim being that said sale was fraudulent and void as against an assignment made and filed within ninety days after such sale.

The answer of Mr. Bobilya admitted that Mr. Priddy was the assignee of Mr. Spahr, and denied generally each and every other allegation contained in the petition, and averred that he bought the property in good faith, and paid therefor the sum of $717.59, which was a full consideration therefor.

Upon trial to a jury a verdict was brought in finding the right of property and possession in the assignee, and fixing the value of the property at $718.

A motion for a new trial was filed and overruled, and judgment entered on the verdict, to all of which proper exceptions were taken. The circuit court affirmed the judgment, and thereupon the case was brought here.

*C. S. Mauk,* for plaintiff in error.

*N. S. Johnson* and *Saltzgaber & Hoke,* for defendant in error.

BURKET, C. J.; SPEAR, DAVIS, SHAUCK, PRICE and CREW, JJ., concur.

Two preliminary questions are made. The petition contained all the facts which a petition in replevin should contain and also all that is necessary in an affidavit for replevin, and that affidavit to the petition was positive, and not on belief merely. The defendant below made a motion to set aside the writ of replevin for the reason that there was no separate affidavit for such writ. The court overruled the motion, to which the defendant excepted.

There was no error in the ruling of the court. While under Section 5815, Revised Statutes, an affidavit is required in order to warrant the issuing of a writ of replevin, there is nothing requiring such affidavit to be separate and apart from the petition. While good practice requires the petition and affidavit in a replevin case to be separate, so as to allow questions as to either to be made without reference to the other, it is not error to combine both in one, unless it appears that so doing causes material prejudice to the defendant. No such prejudice appears in this case.

The deposition of Mr. Spahr was taken and filed and the defendant below made a motion to strike it from the files for want of a proper certificate by the officer before whom it was taken. It is urged that the certificate does not show that the deposition was reduced to writing in the presence of the notary public. The part of the certificate as to that is as follows:

"That the deposition by Charles M. Spahr subscribed as above set forth, was reduced to writing by M. Della McMaster, and was subscribed by the said witness in my presence."

When fairly and liberally construed, and words properly transposed, this means that the deposition was not only subscribed in the presence of the notary, but was also reduced to writing in his presence by M. Della McMaster. There was therefore no error in overruling the motion to strike the deposition from the files.

A more serious question arises as to the proper construction of said Section 6343, Revised Statutes, as amended in 1898. That section is as follows:

"Every sale, conveyance, transfer, mortgage or assignment, whether made in trust or otherwise, by a debtor or debtors, and every judgment suffered by him or them, and every *act* or device *done* or resorted to by him or them, in contemplation of insolvency, or with a design to prefer one or more creditors to the *exclusion* in whole or in part of others, and every sale, conveyance, transfer, mortgage or assignment made, or judgment suffered by a debtor or debtors, or procured by him or them to be made in any manner, with intent to hinder, delay or defraud creditors, shall be declared void as to creditors of such debtor or debtors at the suit of any creditor or creditors, as hereinafter provided, and shall operate as an assignment and transfer of all the property and effects of such debtor or debtors, and shall inure to the equal benefit of all creditors or such debtor or debtors in proportion to the amount of their

respective demands, including those which are unmatured. And every such sale, conveyance, transfer, mortgage or assignment made, and every such judgment suffered, and every such act or device done or resorted to by any debtor or debtors in the event of a deed of assignment being filed within ninety (90) days after the giving or doing of such thing or act, shall be conclusively deemed and held to be fraudulent, and shall be held to be void as to the assignee of such debtor or debtors, where upon proof shown, such debtor or debtors was or were actually insolvent at the time of the giving or doing of such act or thing, whether he or they had knowledge of such insolvency or not; *provided*, that nothing in this section contained shall vitiate or affect any mortgage made in good faith to secure any debt or liability simultaneously with such mortgage, if the same be filed for record in the county wherein the property is situated, or as otherwise provided by law, within three (3) days after its execution, and where upon foreclosure or taking possession of such property the mortgagee fully accounts for the proceeds of such property."

It is claimed by counsel for plaintiff in error that this section makes every sale of an insolvent debtor conclusively fraudulent and void when made within ninety days of the filing of an assignment made by him for the benefit of his creditors, and that therefore the section is unconstitutional as to purchasers from such insolvent in good faith and for fair value, because it would curtail the inalienable right of contract, and would put it in the power of a vendor to render his sale void by making an assignment within ninety days after such sale. And it must be conceded that under such a construction of the section, the same would be unconstitutional under the principles of *Palmer & Crawford* v. *Tingle,* 55 Ohio St., 423, and many other cases. But such is not the proper construction of the section. The section clearly shows that the General Assembly was legislating only as to transfers by insolvent debtors, and did not have in view the rights of innocent purchasers, and made no provision as to them, but allowed the law as to them to stand as it had stood for many years. It has been held as often as the question has arisen, that a purchase, made in good faith and for fair value from an insolvent debtor, must be upheld as to the purchaser, even though the intent of the vendor may have been to hinder, delay or defraud his creditors. The property of such debtor can not be followed into the hands of an innocent purchaser. *Burgett* v. *Burgett,* 1 Ohio, 469; see, also, *Shultz* v. *Brown,* 2 Circ. Dec., 353 (3 C. C. R., 609).

True, the decision in *Burgett* v. *Burgett* arose under the statute of frauds, now Section 4196, Revised Statutes, and which then as now provided that every conveyance, etc., made with intent to defraud creditors should be deemed utterly void and of no effect. Under that statute declaring all such conveyances utterly void it was held that that an exception must be made in favor of innocent purchasers. And as the language of said Section 6343 is not stronger than that in the statute of frauds, the same exception must be made under said section.

· There are in this section as there were in the old Sections 6343 and 6344 two classes, one in which there is no fraud but in effect a preference, and the other where there is a fraudulent purpose. It is first provided that every sale, conveyance, transfer, mortgage or assignment by a debtor, and every judgment suffered by him, and every act or device done or resorted to by him in contemplation of insolvency *or* with design to prefer one or more creditors to the exclusion of others, shall be declared void at the suit of any creditor, etc. So far no fraud or intent to defraud is necessary. Then another class, less extensive, is provided for in which an intent to defraud is necessary. The section as to this class is as follows:

"And every sale, conveyance, transfer, mortgage or assignment made or judgment suffered by a debtor or debtors or procured by him or them to be made in any manner with intent to hinder, delay or defraud creditors, shall be declared void as to creditors of such debtors at the suit of any creditor," etc.

As to this class it will be noted that the words, "every act or device done or resorted to by him or them," are omitted, and that therefore mere acts or devices done or resorted to with intent to hinder, delay or defraud creditors, can not be declared void at the suit of a creditor under this part of the section, but can be so declared under the class first provided for in the section, when they are done or resorted to in contemplation of insolvency, or with a design to create a preference. And in the event of the filing of an assignment within ninety days, *such* sales, etc., that is both classes, as well as those made in contemplation of insolvency or to create a preference, as those in which there was an intent to hinder, delay or defraud creditors, shall be conclusively deemed and held to be fraudulent and void.

In all such cases if the transferee took otherwise than in good faith and for fair value, the statute would apply and the transaction would be held fraudulent; but in case the transferee acted in good faith and for fair value, the transaction would be upheld as to him. Under this construction the section does not interfere with the right of contract, and is free from constitutional objections. And where one of two constructions renders a statute constitutional, and the other renders it unconstitutional, the former, if reasonable, should be adopted.

With this construction of the section in question we hold the section constitutional. To make this construction more clear and remove all doubts, the General Assembly afterward amended the section so as to expressly protect innocent purchasers. 95 O. L., 608.

This amendment for the first time supplies by legislative enactment that which had ever since the case of *Burgett* v. *Burgett* been read into the statute by judicial construction. But the legal effect of the statute was not changed by this amendment of the section, but remains the same as when the court by construction read into the statute an exception in favor of innocent purchasers.

The court of common pleas erred in its construction of the section and charged the jury as follows:

"This is the single issue then, gentlemen, that you are called upon to determine, was Chas. M. Spahr insolvent at the time mentioned, and was he in contemplation of insolvency or did he make this sale and transfer for the purpose of preferring creditors." If so, then this sale is absolutely void and the plaintiff is entitled to the possession of the property. * * *

"The burden rests upon the plaintiff to establish these facts: Was Chas. M. Spahr insolvent on the date of this sale and transfer; did he make the sale and transfer for the purpose of preferring one or more creditors to the exclusion of others? If so, the plaintiff is entitled to recover."

To this charge the defendant excepted. As the transaction in this case was a *sale,* it came within both class provided for in the section—those made in contemplation of insolvency, or with a design to prefer one or more creditors to the exclusion of others without any intent to defraud, as well as those made with intent to hinder, delay or defraud creditors.

THE OHIO LAW REPORTER.

The court charged correctly as far as it went, because there might be a recovery if a preference was attempted in contemplation of insolvency without any fraudulent intent. If the sale was with intent to hinder, delay or defraud creditors, that was an additional ground for recovery, and the refusal of that charge was in favor of the defendant, and was not prejudiced to him. But the charge as given, and to which there was an exception, was too narrow in this: It failed to charge that in case the purchase by Mr. Bobilya was in good faith and for fair value it was valid as to him, even though made by Mr. Spahr in contemplation of insolvency or with a design to prefer one or more creditors to the exclusion of others, or made on his part with intent to hinder, delay or defraud creditors.

If Mr. Bobilya was innocent, and ignorant of any wrong purpose or intent on the part of the vendor, his purchase must be upheld, and can not be held void as to him. The innocent must be protected, even though such protection, to some extent, inures to the advantage of the guilty. *Yeoman* v. *Lasley,* 40 Ohio St., 190, 203.

For this error in the charge, the judgment will be reversed and cause remanded for a new trial and further proceedings according to law.

*Judgment reversed.*