# CIRCUIT COURT REPORTS

## NEW SERIES—VOLUME XX.

---

## CASES ARGUED AND DETERMINED IN THE CIRCUIT COURTS AND COURTS OF APPEALS OF OHIO.

---

### DETERMINATION AS TO WHETHER A CONVEYANCE WAS FRAUDULENT.

Circuit Court of Cuyahoga County.

ELIZABETH WEEKS V. FRANK O. SPENCER ET AL.

Decided, May 27, 1913.

*Fraudulent Conveyance—Action to Set Aside—Laws of State Where Transaction Occurs, Govern.*

1. A fraudulent conveyance made with intent to hinder, delay and defraud creditors, will not be set aside under Section 67-*e*, of the National Bankruptcy Act, unless made within four months next preceding the filing of a petition. in bankruptcy, nor under Section 6343 of the Revised Statutes of Ohio, unless the person to whom the conveyance was made knew at the time of the transaction .of the fraudulent intent on the part of the debtor.

2. Where a husband citizen of Ohio becomes indebted to his wife in the United States and in payment of that indebtedness delivers to her in Italy a conveyance of his interest in a trust estate held in the state of Ohio, the transaction is governed by the laws of Ohio and not by the laws of Italy.

*H. J. Doolittle* and *C. R. Bissell,* for plaintiff.
*White, Johnson & Cannon,* contra.

Marvin, J.; Winch, J., and Niman, J., concur.

This suit was originally brought by Elizabeth Weeks to have set aside an assignment or transfer of property made by Frank O. Spencer to his wife, Margaret T. Spencer. This transfer or assignment was made on the 10th day of June, 1908, at a time when Frank O. Spencer was insolvent.

On the 16th day of August, 1910, Frank O. Spencer filed a voluntary petition in bankruptcy in the District Court of the United States for the Northern District of Ohio, and in that proceeding he was adjudged a bankrupt, and Clarence R. Bissel was appointed trustee of his estate in bankruptcy, and thereupon he was substituted for the plaintiff in the action brought by Mrs. Weeks. This was done in pursuance of Section 70c of the Bankrupt Act, which provides that the trustee may avoid any transfer by the bankrupt of his property which any creditor of such bankrupt might have avoided, and may recover any property so transferred, or its value, from the person to whom it was transferred, unless he was a *bona fide* holder for value prior to the date of the adjudication.

It may be said here that the original plaintiff, Elizabeth Weeks, proved up the claim which she held against Spencer in the bankruptcy proceedings, and the same was allowed. She made no claim for a lien in making her proof in the bankruptcy court.

The bankrupt act provides, in Section 67e, as follows:

"All conveyances, transfers, assignments or encumbrances made or given by a person adjudged a bankrupt under the provisions of this act, subsequent to the passage of this act and within four months prior to the filing of the petition, with the intent and purpose on his part to hinder, delay and defraud creditors, or any of them, shall be null and void as against the creditors of such debtor, except as to purchasers in good faith and for a present, fair consideration."

A further provision in the same section on the same subject fixes the time as within four months next preceding the filing of the petition in bankruptcy as being the period for determination that such transfers are null and void.

Since this assignment was made much more than four months prior to the proceedings in bankruptcy, it is clear that if the transfer can be set aside, it must be done because of the provisions of the statutes of the state of Ohio.

The statute in force at the time of the alleged transfer by Spencer to his wife, was Section 6343 of the Revised Statutes, which reads:

"Every sale, conveyance, transfer, mortgage or assignment, made in trust or otherwise, by a debtor or debtors, and every judgment suffered by him or them against himself or themselves in contemplation of insolvency, and with the design to prefer one or more creditors to the exclusion in whole or in part of others, and every sale, transfer, conveyance, mortgage or assignment made or judgment procured by him or them to be rendered in any manner with intent to hinder, delay or defraud creditors, shall be declared void as to creditors of such debtor or debtors at the suit of any creditor or creditors. Provided, however, that the provisions of this section shall not apply unless the person or persons to whom such sale, conveyance, transfer or mortgage or assignment be made knew of such fraudulent intent on the part of the debtor or debtors."

This last clause appears first in the amendment of the section passed on the 30th of April, 1908, found in 99 O. L., 241.

The same proposition, however, had already been held in a construction of the statute prior to this amendment, in *Babilya* v. *Priddy,* 68 O. S., 373, in which the court sustained a purchase made in good faith and for fair value from an insolvent debtor, and in speaking of such sale used this language:

"Such transfer must be held valid as to such purchaser, even though the seller may have made the sale in contemplation of insolvency or with the design to prefer one or more creditors to the exclusion of others, or with the intent to hinder, delay or defraud his creditors, even though a deed of assignment made by such debtor was filed therein ninety days after such sale."

And in the case of *Lytle* v. *Baldinger,* 84 O. S., 1, the first clause of the syllabus reads:

"A petition to set aside a fraudulent sale or transfer made in violation of the provisions of Section 6343, Revised Statutes, which does not aver that the person to whom the sale, convey-

ance, transfer, mortgage or assignment is made, knew at the time of the transaction of the fraudulent intent on the part of the debtor, does not state facts facts sufficient to constitute a cause of action.''

So that, unless it be found that Spencer made this transfer to his wife with the design to prefer one or more creditors to the exclusion in whole or in part of others, or that it was a transfer made by him with intent to hinder, delay or defraud creditors and that the transferee knew these facts at the time, the transfer must be found to be good and the claim of the trustee denied. And this brings us to a consideration of the facts for the pur-purpose of determining whether they bring the transfer or assignment of Spencer to his wife within the provisions of the statute.

The property which it is charged was fraudulently transferred by Spencer to his wife consisted of such rights as he had under the will of Phineas M. Spencer, deceased, which was duly admitted to probate in this county, and which provides among other things, that after the payment of certain bequests made in the will, ''all the rest and residue of my property and estate, of every kind and description, I give and bequeath as follows: The remaining one-fourth to my executor or trustee, to be held in trust during the life of Charlotte M. Spencer, the widow of my late brother A. K. Spencer, and the income during such period to be paid to her semi-annually or oftener, and upon her death, one-half of the principal of such fund so held in trust during her life, shall be paid or delivered to Florence Murphy, if living, or if deceased, to her next of kin under such statutes, and the remaining one-half thereof shall be held in trust by my trustee during the joint lives of my nephew, Frank, and his wife, Margaret, and the life of the survivor of them. During their joint lives the income from the fund shall be paid for their joint maintenance while and so long as they live together as husband and wife, and accumulated during any period during which they shall not live together. During the lifetime of the survivor, the income shall be paid to such survivor, and on the death of such survivor, if their son, Frederick Albert

Spencer, be then of age and a resident and citizen of the United States of America, such fund and its accumulations shall thereupon be transferred to him, and if he be a minor the income thereof may, during the period of his minority be, at the discretion of my trustee, applied to his proper maintenance and education with a view of his becoming such citizen, and thereupon, upon his arriving at age, the principal and any accumulations thereon shall be paid to him on the condition of his then becoming a resident and citizen of the United States.''

It will be seen that the portion of the estate of the testator in which Frank O. Spencer had any interest (for the Frank Spencer mentioned in the will is the defendant F. O. Spencer in this action, and his wife Margaret mentioned in said will is the Margaret T. Spencer, defendant in this action) was one-half of the one-fourth residuum of the estate of which his mother, during her lifetime, was to receive the entire income. At her death this one-half of one-fourth was to be held in trust by the trustee. The trustee which actually had this money in trust was the Citizens Savings & Trust Company.

At the time of this transfer, the mother of Frank O. Spencer, who was to have the income of this property during her life, was still living, so that no part of the income was yet payable to either Frank or his wife. Not only so, but for a considerable time prior to such assignment Frank O. Spencer and his wife had been living apart. They have a son who was living at the time of this transfer, and who is still living, being the Frederick Albert Spencer named in the will.

The amount of property, the income of which it is provided in the will shall go to Frank and his wife while they are living together and to the survivor if one of them should die, is about $34,000.

At the time of the marriage of Frank O. Spencer and his wife, she received from her mother about $924.50 which she put into the hands of her husband to be deposited for her. He failed to make the deposit and had never paid it back before the time of this assignment or transfer. This certainly constituted a good and valuable consideration for the transfer by him to her

of some property in payment of that debt. The value of his interest in the bequest was very uncertain; it depended, among other things, on the length of time which his mother should live; it depended in a measure upon whether he should outlive his wife; it depended, during their joint lives after the death of his mother, upon the length of time they should live together. They had separated and lived apart for a considerable time before this transfer was made, and whoever purchased his rights under that will would be purchasing that which is sometimes not inaptly spoken of as a "pig in a poke." It was a purchase of something which might never bring any return, and which, if it did bring any return, depended on so many things that nobody could say what it was worth. He made out the assignment on the 10th day of June, 1908, here in Ohio, and immediately deposited it with the Citizens Savings & Trust Company, the trustee under his uncle's will. He then went to Italy where his wife was, taking a duplicate of this transfer and delivering it to her in Italy. She accepted it and expressed herself as satisfied. The assignment itself expresses that it is in payment and full settlement of the claim which Margaret had against him for this $924.50, together with interest from the time it was taken by him, to-wit, May 4, 1904.

Attention has already been called to some of the elements of uncertainty as to the value of this interest of Frank O. Spencer thus assigned. There is a further uncertainty, to-wit, a fractional part of any income to which Frank might be entitled, that might be received from this money while in the hands of the trustee after the death of Frank's mother. The will provided for its being paid to Frank and his wife for their joint support. Whether this would entitle each of them to one-half while they were living together, we do not undertake to say, but regard it as a matter of grave doubt, and as therefore affecting the value of any interest which Frank might have in such income which at the time of this transfer to his wife, he could have transferred to anybody.

The evidence fails to show that Margaret T. Spencer had any knowledge or intimation or suspicion that Frank was making

this transfer to her for the purpose of hindering, delaying or defrauding any creditors. The amount of her claims as compared with the very uncertain value of Frank's interest under this will of his uncle, we think is sufficient, in the absence of evidence showing knowledge on her part of some fraudulent intent, to sustain the transfer made to her.

It is said, however, that this transfer to her was a contract made in Italy, and that it must be governed by the laws of Italy at the time the contract was delivered to her, and evidence is introduced of certain provisions of the law of that country. Without stopping to read these provisions, the effect of them apparently is that under the law of Italy, a wife can not alienate or dispose of her dowery without authorization of a proper judicial tribunal. Even if it be held that this contract or assignment of Frank to his wife is to be governed by the laws of Italy, we find nothing that would prohibit the wife from accepting payment of an indebtedness to her, which indebtedness accrued in a foreign country, though the payment should be made in Italy. By this contract Mrs. Spencer was not disposing of any dowery which she had. The money which she had furnished to her husband was given to her, it is said, as dowery by her mother in Austria, where the marriage between these people took place, and that dowry, the money she had long before the time of this contract in Italy, had been taken by her husband; she did not have it.

Under the facts hereinbefore recited, her husband, by reason of having used this money which had come to her as dowery, became indebted to her in America; that debt was still subsisting, and she accepted this transfer in payment of that indebtedness, and to hold that, therefore, the contract was invalid would be to hold that a contract made between citizens of the United States of America paid in some foreign country, while they were abroad, and completely executed, did not bind the parties because, if the contract by which the indebtedness was created had been made in Italy, it would not have been enforcible. We do not, therefore, regard it as essential for the disposition of this case, to determine whether the laws of Italy in relation to dowery

would affect a contract made by the citizens of the United Sates between themselves while they were temporarily in Italy, would be valid or invalid. Under the laws of the United States where the contract by which Frank became indebted to his wife because of his use of this money, which is the implied contract that where money is put into his hands, to be used for the party so putting the money into his hands, and it is used for another purpose, the party thus using the money is obligated to pay it back, and it was simply the settlement of that American contract which was made in Italy. If the completion of the contract by delivery of the writing of transfer to Margaret was the time when the contract became effective, still it was simply an agreement to release a claim on which, under an American contract, implied it is true, but still a contract, Frank became indebted to his wife.

We have not discussed the question of the right of the trustee here to enforce any lien which, by possibility, it might be claimed Mrs. Weeks had on any interest of Frank under this will, because, as we understand the law, when Mrs. Weeks proved up her claim in bankruptcy and had it allowed, she released any lien. If she had any before that time, and it may well be doubted, the trustee in bankruptcy having only the rights in this action which Mrs. Weeks would have had, had the case continued in her name without the intervention of any bankruptcy proceedings. Whether he could have maintained the action even if the transfer had been known by Mrs. Spencer to have been in violation of the rights of other creditors, we have not regarded as essential to the disposition of this case to determine.

We therefore reach the conclusion that the trustee in bankruptcy has no rights of Frank O. Spencer in any income or property growing out of this will of Phineas M. Spencer, deceased, and that all the rights which Frank otherwise would have under said will are now the property of Margaret T. Spencer, and a decree will be entered accordingly.