Allen, J.
 

 This is an original action in mandamus brought by the relator, praying for a peremptory writ of mandamus to compel defendants Oarl Davis, mayor, and Leonard Snyder, marshal, of the village of Arlington, to deliver to the relator an automobile in possession of the said mayor and marshal. The automobile was taken by the said
 
 *570
 
 defendants on August 5, 1924, under Section 6212-43, General Code, (109 O. L., 95), which provides that a police officer who arrests a person upon the charge of violating the liquor laws may take into custody any vehicle or conveyance in which intoxicating liquors are being at the time transported contrary to law. Under ■ that section of the statute such vehicle or conveyance is required to be returned to the owner upon tender of a bond which complies with the provisions of Section 6212-43.
 

 The petition alleges execution of such a bond in compliance with the statutes, and the refusal of the mayor and marshal to deliver the car to the relator. The petition further alleges that the relator is the owner of the automobile by virtue of the provisions of a duly executed and filed chattel mortgage thereupon; that such mortgage was originally given to the dealers in the said automobile by one Joseph R. Piedone; that the mortgage was purchased by the relator in good faith and for value, and assigned to relator by the said dealers in the usual course of business; and that at the time the automobile was taken into custody of the defendants the mortgagor was in default for one installment upon the same and the relator had declared the conditions thereof broken.
 

 The answer alleges that the defendants claim to be officers of the law duly empowered and having jurisdiction to act upon all matters coming within the purview of Section 6212-43, General Code of Ohio; that on or about the 5th day of August, 1924, the defendants seized the automobile, which was then being used in the illegal traffic of intoxicating
 
 *571
 
 liquor within their jurisdiction; that no person was apprehended or arrested as being in charge of said automobile at the time it was seized; but that a warrant has been served upon one Joseph It. Piecione, the owner of the automobile, who is at the present time incarcerated in the penitentiary under conviction of a murder charge, so that it has been impossible to produce him before the said mayor’s court for trial.
 

 The answer further shows that no person has as yet been convicted as being in charge of the vehicle at the time it was taken in custody.
 

 The answer further alleges that the said Joseph R. Piecione kept and owned the automobile for the express purpose of the illegal transportation of intoxicating liquor in the state of Ohio, contrary to the law of the state,, and that the driver of the automobile used the said machine with Piecione’s permission and consent and was so using it for the unlawful transportation of intoxicating liquor at the time of the seizure thereof.
 

 Defendants further state that the said owner, Joseph R. Piecione, has at no time or in any manner sought to effect the return of the machine from the custody of the defendants, and that the plaintiff, the Tenant Finance Corporation, has made no attempt in any manner to intervene in the mayor’s court to set up its lien under its mortgage for the purpose of having its lien transferred to the proceeds of the sale of the automobile.
 

 Defendants later filed an amendment to the answer, in which they admit that the relator upon August 5, 1924, was the legal holder of a valid
 
 *572
 
 chattel mortgage duly filed for record upon the automobile in question, and that at the time the said automobile was seized the conditions of the said mortgage had been broken. The relator demurred to the answer and its amendment. Under the demurrer, the primary question in the case is whether relator is the owner of the automobile within the meaning of Section 6212-43, General Code.
 

 This section of the statute in its pertinent portions reads as follows:
 

 “When the commissioner of prohibition, his deputy inspectors, or any officer of the law, shall discover any person in the act of transporting in violation of law, intoxicating liquors in any # * automobile, *
 
 *
 
 * or other vehicle, it shall be his duty to seize any and all intoxicating liquors found therein being transported contrary to law. Whenever intoxicating liquors transported or possessed illegally shall be seized by an officer named herein, he shall take possession of the * * * automobile, * #
 
 *
 
 and shall arrest any person in charge thereof. Such officer shall at once proceed against the person arrested under the law of the state prohibiting the liquor traffic, in any court having jurisdiction under such law, but the said vehicle or conveyance shall be returned to the owner upon execution by him of a good and valid bond with sufficient sureties, in a sum equal to the value of the property, which said bond shall be approved by said officer and shall be conditioned to return said property to the custody of said officer on the day of trial to abide by the judgment of the court. The court upon conviction of the
 
 *573
 
 person so arrested shall order the liquor destroyed, and unless good cause to the contrary is shown by the owner, shall order a sale by public auction of the property seized, and the officer making the sale, after deducting the expenses of keeping the property, the fee for the seizure, and the cost of the sale, shall pay all liens, according to their priorities, which are established, by intervention or otherwise at said hearing or in other proceeding brought for said purpose, as being
 
 bona fide
 
 and as having been created without the lienor having any notice that the carrying vehicle was being used or was to be used for illegal transportation of liquor, and shall distribute the balance as is distributed money arising from fines and forfeited bonds under the law of the state prohibiting the liquor traffic. All liens against property sold under the provisions of this section shall be transferred from the property to the proceeds of the sale of the property.”
 

 The relator grounds his proposition upon a statement made in the opinion in
 
 Metropolitan Securities Co.
 
 v.
 
 Orlow,
 
 107 Ohio St., 583, at page 587, 140 N. E., 306, 32 A. L. R, 992, in which the court citing
 
 Robinson, Jr.,
 
 v.
 
 Fitch,
 
 26 Ohio St., 659, states that the ‘interest of a mortgagee under a chattel mortgage is that of a general owner of the property mortgaged.’ ”
 

 ~We
 
 are of opinion that this holding does not apply to the instant case. The statute under which this action arises makes particular provision for the payment of liens. It says that the court upon conviction of the person so arrested shall pay all liens according to their priorities. A fur
 
 *574
 
 ther provision is that all liens against property, sold under the provision of this section shall be transferred from the property to the proceeds of the sale of the property. Bouvier’s Law Dictionary defines a “lien” as “a hold or claim which one person has upon the property of another as a security for some debt or charge.” And this is the general definition of lien. Within this definition, there can be no argument upon the proposition that a chattel mortgage does constitute a lien.
 

 A chattel mortgage creates a specific lien by express contract. Since the statute makes special provision to pay all liens out of the proceeds of the sale of the ear, we see no reason for holding that a chattel mortgage lien is not one of those so intended to be cared for. The mortgagee, hence, within the purview of this statute, is not the owner, and the demurrer to the amended answer must be overruled.
 

 Demurrer to amended answer overruled.
 

 Marshall, C. J., Robinson, Jones, Matthias, Day. and Conn, JJ., concur.