can be sued and held responsible for her own contracts. A judgment recovered against her can be collected as if she were a feme sole.

Under the present statutory provisions the husband is relieved of the common-law obligation for his wife's antenuptial debts, and defendant therefore could not lawfully apply the wages due the defendant to the payment of the antenuptial debts of his wife.

*Judgment affirmed.*

RORERTS and FARR, JJ., concur.

---

HARRISON ET AL. *v.* MACK INTERNATIONAL MOTOR TRUCK CO.

*Replevin—Validity of affidavit cannot be questioned, when— Writ issued and served, and possession of property secured.*

Where a writ of replevin has been issued and served, and the possession of the property secured thereby for the plaintiff, it is too late to question the validity of the affidavit on which the writ was issued.

(Decided—February 24, 1925.)

ERROR: Court of Appeals for Lucas county.

*Mr. John E. Steele* and *Mr. Wm. H. McLellan, Jr.,* for plaintiffs in error.
*Messrs. Tracy, Chapman & Welles* and *Mr. Frank A. Harrington,* for defendant in error.

Replevin, 34 Cyc. p. 1438.

RICHARDS, J.   This is an action in replevin for two motor trucks, and resulted in the common pleas court in a directed verdict in favor of the Mack International Motor Truck Corporation, which was the plaintiff in that court.

It is insisted that the affidavit for replevin was defective in that it was acknowledged before a notary public who was associated as counsel with the attorneys of the truck corporation, and that it was defective for the further reason that the plaintiff's interest was not described as a special ownership.   It is further claimed that the trial court erred in excluding evidence of reported decisions of the Supreme Court of Michigan.

The plaintiff in the trial court was a mortgagee, and commenced the action by filing a petition and an affidavit in replevin.   The affidavit charges that the plaintiff is the owner of two certain motor trucks, which are specifically described, and is entitled to the possession of the same, and that the property is wrongfully detained by the defendants. It is urged that under the present law of Ohio a mortgagee of chattel property is not the general owner of the property, and counsel insist that the holdings of the Supreme Court in *Robinson* v. *Fitch,* 26 Ohio St., 659, and in *Metropolitan Securities Co.* v. *Orlow,* 107 Ohio St., 583, 140 N. E., 306, 32 A. L. R., 992, are not applicable in view of the statute found in 109 Ohio Laws, 331 (Section 6310-4 *et seq.,* General Code), making it unlawful to sell and transfer a motor vehicle, except under the restrictions provided in that statute.   In this connection it is interesting to note that the decision last above cited, reaffirming the rule of law that

the interest of a mortgagee of chattel property is that of a general owner, was announced after the passage of the above statute, and involved a mortgage upon an automobile.

It must be remembered that the purpose of the affidavit in replevin is only to secure possession of the property, and, when possession has been secured, any defects which may have existed in the affidavit become immaterial. This principle has been often announced, and seems to be not only reasonable, but sustained by ample authority. The cases are collected in 3 Bates' New Pleading, Practice, Parties and Forms, 2561, and the rule is clearly stated in 23 Ruling Case Law, 921. See also 34 Cyc., 1438.

Whether the defect consisted in the form of the affidavit, or in the capacity of the officer before whom the affidavit was made, if the affidavit has performed its functions it then becomes too late to question its sufficiency. No doubt the officer of court who is called upon to issue a writ of replevin might properly refuse to do so on an insufficient affidavit, but, if the writ is issued and served, and the possession of the property secured by the plaintiff, it then is too late to question the validity of the affidavit.

The petition follows the language of the affidavit in setting forth in general terms that the plaintiff is the owner of the property and entitled to the possession of the same, and that it is wrongfully detained by the defendants. No motion was made to make the petition more definite and certain by setting out the nature of the plaintiff's ownership, and under the averment that the plaintiff

was the owner of the property it would certainly be competent to prove a lesser title, whether general or special, on the principle that the whole is greater than any of its parts. It must not be overlooked that in the case of *Robinson* v. *Fitch, supra,* the averment was of a special ownership, and yet the court held that it was broad enough to justify proof of general ownership. That being the rule, certainly the converse would be true that, where the averment is of general ownership, proof may be admitted showing a special ownership. It therefore becomes immaterial to determine in this action whether the title of the truck corporation is that of a general owner or a special owner, for in either event it would have the right, in case of default, to maintain replevin for the property covered by its chattel mortgage, and the decision in *State ex rel.* v. *Davis, Mayor,* 111 Ohio St., 569, 146 N. E., 82, rendered under the prohibition statute, is not controlling.

In a replevin suit, the gist of the action is the wrongful detention of the property, and in this case that fact is certainly averred in plain and concise language. No demurrer was filed to the petition, so that its sufficiency was first raised in the motion for new trial, as was the case in *Grever & Sons* v. *Taylor,* 53 Ohio St., 621, 622, 42 N. E., 829. The petition is certainly sufficient after a verdict has been rendered.

The uncontradicted evidence shows that the mortgagors were in default for the payment of one of the promissory notes secured by the mortgage, and that a demand had been made and not complied with, and that the owner of the chattel

mortgage deemed its security insufficient. Under the terms of the chattel mortgage, the mortgagee was entitled to take possession, and could lawfully have taken possession even without a suit in replevin, providing it could have been done without committing a breach of the peace.

The trial court did not err in excluding evidence of the reported decisions of the Supreme Court of Michigan. While the mortgage was made in Michigan, it covered trucks that were then either in Ohio or intended to be immediately taken to Ohio, and the mortgage was promptly recorded in Lucas county, Ohio, where the property was located and where the mortgagors resided. Even under the laws of Michigan a mortgagee has such an ownership in property that he may maintain replevin. *Watson* v. *Mead*, 98 Mich., 330, 57 N. W., 181.

Under the doctrine of *Kanaga* v. *Taylor*, 7 Ohio St., 134, 70 Am. Dec., 62, the exclusion by the trial court of the decisions of the state of Michigan could not in any sense be prejudicial to the rights of the mortgagors. The verdict was properly directed.

*Judgment affirmed.*

WILLIAMS and YOUNG, JJ., concur.