*11
 
 Marshall, C. J.
 

 There was a conflict of evidence upon each of the issues. There was, however, evidence to support the findings of fact of the Court of Appeals upon each of the issues. Following its well-settled policy, this court will not weigh the evidence to determine whether or not the Court of Appeals reached correct conclusions. The findings of fact made by the Court of Appeals will be the basis of the discussion as to whether or not the Court of Appeals reached correct conclusions of law. The findings of fact upon the issue of mental capacity and delivery present no legal questions. It is, however, urged that even though the design on the part of Elza Kennedy to prefer and his intent to hinder, delay and defraud his creditors was sufficient to vitiate the transaction, even though James Kennedy did not know of the design to prefer or the intent to defraud, and even though as found by the Court of Appeals James Kennedy had no knowledge of the insolvency of his brother Elza, the conveyance was nevertheless valid.
 

 At common law a debtor might give a preference to one of his creditors. In 1859, 56 Ohio Laws, 235, the Legislature of Ohio enacted a law which later became Section 6343, Revised Statutes, which provides : “All assignments in trust to a trustee or trustees, made in contemplation of insolvency, with the intent to prefer one or more creditors, shall inure to the equal benefit of all creditors, in proportion to the amount of their respective claims, and the trusts arising under the same shall be administered in conformity with the provisions of this act.”
 

 While that statute remained unchanged, this court in 1892 decided the case of
 
 Cross
 
 v.
 
 Carstens,
 
 49
 
 *12
 
 Ohio St., 548, 31 N. E., 506, in which it was held: “A failing debtor, knowing his insolvency, and in contemplation of making an assignment for the benefit of creditors, may prefer one or more creditors to others, provided he does so in good faith, and by means calculated to hinder other creditors no more than is incidental to the preference, ’ ’ etc.
 

 In 1898 (93 Ohio Laws, 290) the Legislature amended Section 6343, Revised Statutes, whereby it is declared that any sale, conveyance, transfer, mortgage or assignment, whether made in trust or
 
 otherwise
 
 with a design to prefer one or more creditors to the exclusion of others in whole or in part,
 
 and
 
 every sale, conveyance, transfer, mortgage or assignment made with intent to hinder, delay or defraud creditors, shall be declared void as to the creditors of such debtor at the suit of any creditor.
 

 In 1902 (95 Ohio Laws, 608), Section 6343 was further amended, whereby a proviso was inserted: “Provided, however, that the provisions of this section shall not apply unless the person, or persons to whom such sale, conveyance, transfer, mortgage or assignment be made, knew of such fraudulent intent on the part of such debtor or debtors,” etc.
 

 A further amendment was made in 1908 (99 Ohio Laws, 241), but that amendment does not materially affect the present inquiry. Under the codification of 1910, Section 6343 became separated into Sections 11104 and 11105, General Code. Those sections now read as follows:
 

 ‘ ‘ Sec. 11104. A sale, conveyance, transfer, mortgage or assignment, made in trust or otherwise, by a debtor or debtors, and every judgment suffered by him or them against himself or themselves in
 
 *13
 
 contemplation of insolvency and with a design to prefer one or more creditors to the exclusion in whole or in part of others, and a sale, conveyance, transfer, mortgage or assignment made, or judgment procured by him or them to be rendered, in any manner, with intent to hinder, delay or defraud creditors, shall be void as to creditors of such debtor, or debtors, at the suit of any creditor or creditors.
 

 “In a suit brought by a creditor or creditors of such debtor or debtors for the purpose of declaring such sale void, a receiver may be appointed who shall take charge of all the assets of such debtor or debtors, including the property so sold, conveyed, transferred, mortgaged, or assigned, and also administer all the assets of the debtor or debtors for the equal benefit of the creditors of the debtor or debtors in proportion to the amount of their respective demands including those which are unmatured. ”
 

 “Sec. 11105. The provisions of the next preceding section shall not apply unless the person or persons to whom such sale, conveyance, transfer, mortgage or assignment is made, knew of such fraudulent intent on the part of such debtor or debtors, nor shall anything in such section contained vitiate or affect any mortgage made in good faith, to secure any debt or liability created simultaneously with such mortgage, if such mortgage be filed for record in the county wherein the property is situated, or as otherwise provided by law, within three days after its execution, and when, upon foreclosure or taking possession of such property, the mortgagee fully accounts for the proceeds thereof.”
 

 If the amendment of 1898 was intended to affect
 
 *14
 
 the decision of this court in
 
 Cross
 
 v.
 
 Carstens, supra,
 
 it has not had any perceptible effect in its practical results. This court in
 
 Bobilya
 
 v.
 
 Priddy, Assignee,
 
 68 Ohio St., 373, 67 N. E., 736, decided in 1903, held in the third syllabus: “A purchase made in good faith and for fair value from an insolvent debtor, while Section 6343, Revised Statutes, as amended April 26, 1898, was in force, must be held valid as to such purchaser, even though the seller may have made the sale in contemplation of insolvency, or with a design to prefer one or more creditors to the exclusion of others, or with intent to hinder, delay or defraud his creditors, and even though a deed of assignment, made by such debtor, was filed within ninety days after such sale.”
 

 To get the full force of that syllabus we must look to the opinion of the court, from which we quote, at page 388 (67 N. E., 738):
 

 “But the charge as given, and to which there was an exception, was too narrow in this: it failed to charge that in case the purchase by Mr. Bobilya was in good faith and for fair value it was valid as to him, even though made by Mr. Spahr in contemplation of insolvency or with a design to prefer one or more creditors to the exclusion of others, or made on his part with intent to hinder, delay or defraud creditors.
 

 “If Mr. Bobilya was innocent, and ignorant of any wrong purpose or intent on the part of the vendor, his purchase must be upheld, and cannot be held void as to him. The innocent must be protected, even though such protection, to some extent,, inures to the advantage of the guilty.
 
 Yeoman
 
 v.
 
 Lasley,
 
 40 Ohio St., 190, 203.”
 

 
 *15
 
 The
 
 Bobilya case
 
 was cited with approval in
 
 Lytle
 
 v.
 
 Baldinger,
 
 84 Ohio St., 1, 95 N. E., 389, Ann. Cas., 1912B, 894, where it was held in the first syllabus:
 
 “A
 
 petition to set aside a fraudulent sale or transfer made in violation of the provisions of Section 6343, Revised Statutes, which does not aver that the person to whom the sale, conveyance, transfer, mortgage or assignment is made knew at the time of the transaction of the fraudulent intent on the part of the debtor does not state facts sufficient to constitute a cause of action.”
 

 The case of
 
 National Bank of Commerce
 
 v.
 
 Gettinger,
 
 68 Ohio St., 389, 67 N. E., 739, involved the right of a creditor to receive payment from his debtor while such debtor is insolvent, and it was held that Section 6343 was not intended to prevent payments of the just amounts due to lawful creditors. It is true that, at the time of the decision of this court in 1903, the proviso above referred to had not been added to the statutes. Those provisos were in full force and effect at the time of the decision of
 
 Lytle
 
 v.
 
 Baldinger.
 
 It is urged by plaintiff in error that, inasmuch as the proviso protects purchasers who did not know of “such fraudulent intent on the part of such debtor or debtors,” that language was intended to apply only to a conveyance made with intent to hinder, delay, or defraud creditors, but did not apply to a conveyance with a design to prefer one or more creditors to the exclusion of others. Manifestly a larger degree of moral turpitude is involved in a transaction with intent to hinder, delay, and defraud creditors than is involved in a transaction with a design to prefer one or more creditors to the exclusion of others, and we can see no possible reasons why the Legis
 
 *16
 
 lature should protect one and fail to protect the other. It is a more reasonable interpretation of the language of Section 11105, General Code, to say that “fraudulent intent” applies to a preference as well as to a transaction involving actual fraud. Inasmuch as a preference was valid at common law, and later forbidden by statute, the prohibition could only have been made on the ground that it involved a certain degree of fraud. It is therefore the true meaning of Section 11105 that no transaction would be vitiated unless the purchaser knew of the design on the part of the vendor to prefer the vendee to the exclusion of the other creditors, or, if it was a transaction involving actual fraud, that he knew of the intent of the vendor to hinder, delay, and defraud his creditors.
 

 This cause was certified to this court on the ground of conflict. We have therefore examined the case of
 
 Prose
 
 v.
 
 Beardsley,
 
 18 Ohio App., 211, and we are of opinion that there was no conflict. The syllabus of that case does not seem to be borne out by the opinion, and of course the syllabus should not control the opinion. In the opinion, at page 222, we find: “in our judgment it was a preference made in contemplation of insolvency, and the intent was common to both parties.” That case therefore differed from the instant case because the intent was wholly and solely on the part of the vendor and found by the Court of Appeals not to have been on the part of the purchaser.
 

 The judgment of the Court of Appeals will therefore be affirmed.
 

 Judgment affirmed.
 

 Kinkade, Robinson, Jones; Matthias, and Day, JJ., concur.