RANNES, et, Plaintiffs-Appellees, v BRUSMAN, Defendant-Appellant.

Ohio Appeals, Second District, Montgomery County.

No. 1963.   Decided April 8, 1948.

Scharrer, Scharrer & Hanaghan, Dayton, for plaintiffs-appellees.
Irvin Carl Delscamp, Dayton, for defendant-appellant.

## OPINION

By MILLER, J.:

This is a law appeal from the Court of Common Pleas of Montgomery County. The action was one in replevin wherein the plaintiffs sought to recover certain chattel property from the defendant. The record discloses that the petition and affidavit in replevin were filed on August 8, 1947; that on August 11 the property was seized by the sheriff, taken into his custody and no redelivery bond was posted by the defendant. On September 5, 1947 the defendant filed a motion to set aside the writ of replevin for the sole reason that the same was not sworn to positively but rather on belief, the affidavit being as follows:

"Thomas J. Nugent, being first duly cautioned and sworn according to law, says that he is one of the plaintiffs in the foregoing cause of action, and that the facts stated therein are true, as he verily believes."

The sole question for determination is the sufficiency of the affidavit. We think that the trial court properly overruled the motion to dismiss for two reasons: First, the affidavit conforms with all the requirements of §12052 GC. This Section provides:

"An order for the delivery of property to the plaintiff shall be issued by the clerk of the court in which the action is brought, when there is filed in his office an affidavit of the plaintiff, his agent, or attorney, * * *."

Counsel agree that the affidavit is not a pleading but counsel for the appellant urges that since it is not a pleading it must therefore resolve itself to be evidence, and if it is evidence it must be positively sworn to. We are of the opinion, however, that it is not evidence. It is filed for the sole purpose of complying with the requirements of the section of the Code as above stated. It is not evidence which may be used upon the trial to prove any material questions at issue. As to these matters the testimony of witnesses must be so taken as to subject the witness to cross-examination. An affidavit is an ex parte declaration and does not conform to this requirement. It is merely a statement of fact from which judicial conclusions may be drawn. It is not a pleading in which allegation of conclusion of fact may be permissible, but is a statement of a fact. The Code provides that the affidavit may be made by the plaintiff, his agent or attorney. **Sec. 12052 GC** does not require the affiant to have personal knowledge of the facts as required by §11358 GC which provides when an agent or attorney may verify a pleading. Since personal knowledge is not required, one signing as agent or attorney, without personal knowledge, could only do so upon information and belief. Counsel for appellant seems to rely upon the case of **Bobilya v Priddy, 68 Oh St 373.** We have examined this case and find the facts to be somewhat similar with the exception that the affidavit was sworn to positively and not merely on belief. The Court did not say, that a positive affidavit was required in order to sustain the writ. The Court, however, did comment upon the fact that a positive affidavit had been filed.

A second reason to support the ruling of the trial court. is that the motion was filed after the property had been seized, which was too late. The affidavit of replevin is filed to obtain a provisional remedy, that is, to acquire possession of the property. Bates' Pleading & Practice, 4th Ed. 2487. After this has been done the purpose of the writ has been served.

In the case of **Harrison v Mack International Motor Truck Co., 20 Oh Ap, 256,** it was held:

"Where a writ of replevin has been issued and served, and the possession of the property secured thereby for the plaintiff, it is too late to question the validity of the affidavit on which the writ was issued."

We find no error in the record and the judgment is affirmed, and cause ordered remanded.

WISEMAN, PJ, concurs, HORNBECK, J, concurs in the judgment and in the first reason therefor as set out in the opinion.

### ON APPLICATION FOR REHEARING

No. 1963. Decided May 12, 1948.

By THE COURT:
This is an application for a rehearing in which we find nothing not previously considered. The application is denied..

WISEMAN, PJ, MILLER and HORNBECK, JJ, concur.