## Richmond.

### George Campbell Co. v. George Angus & Co.

#### May 2, 1895.

1. PLEADING—*Assumpsit—Bill of Particulars—Demurrer.*—The bill of particulars required by section 3248 of the Code is no part of the declaration, and a demurrer will not lie for defects in such bill. The proper course to pursue, where a sufficient bill of particulars is not filed, is to apply to the court to require the plaintiff to file an amended and sufficient account of his claim; and if he fails to do so, to move the court to exclude evidence of any matter not described sufficiently to give the defendant notice of its nature and character.

2. PLEADING—*Assumpsit—Bill of Particulars—Foreign Money—Evidence.*—The office of a bill of particulars is to give a fuller and more particular specification of the matter contained in the declaration. The bill of particulars is to be read in connection with the declaration, and where the bill sets forth the items of account in sterling money, but its value is calculated and expressed in federal money, and the declaration alleges an indebtedness in money of account of the State, this is sufficient to admit the introduction of evidence of transactions between the parties in sterling money. The better practice, however, is to set forth in the declaration the indebtedness in sterling money, and leave it to the jury to ascertain its value in domestic money, or to state the indebtedness to be in foreign money of the value of so much domestic currency.

3. PLEADINGS—*Inquiry of Damages—Issue.*—Where the defendant has appeared and pleaded, no inquiry of damages is necessary. Where an issue is made by the pleadings, and it is tried by a jury, then the jury assess damages at the same time that they try the issue, and in such case no writ of inquiry is necessary.

4. PLEADING—*General Issue—Special Plea.*—Where the general issue has been pleaded, a special plea that sets up matter of defence, which can be proved under the general issue, should be rejected.

5. APPELLATE COURT—*Objection not made in Court below.*—Objections to the introduction of evidence not made in the trial court cannot be raised and considered in the appellate court.

6. Appellate Court—*Copies of Letters—Harmless Error.*—Although it was improper and irregular to admit in evidence copies of letters, without notice to produce the originals, or other foundation laid for the introduction of the copies, yet, if it appears from an examination of the letters that they were not necessary for the maintenance of the plaintiff's case, and could not have prejudiced the defendant, the appellate court will not, for this reason, reverse the judgment of the court below.

7. Factor and Principal—*Advances by Factor—Power of Sale by Factor.* Though in ordinary dealings a factor must obey his principal's orders as to prices and sales, yet if the factor makes advances on the goods to his principal and demands payment of said advances, and they are not returned, he has the right to sell and reimburse himself. Under such circumstances, the factor has special property in the goods, and the right to sell flows therefrom.

Error to a judgment of the Circuit Court of Powhatan county, rendered October 21, 1892, in an action of *assumpsit*, wherein the defendant in error was the plaintiff, and the plaintiff in error was the defendant.

*Affirmed.*

This was an action of *assumpsit* on an open account. The declaration contained only the common counts; and the amended bill of particulars specified each item of debit and credit in English money, followed by the sign == and its value in current money, thus: £ 99  7  10 == $ 481.55.

On the trial, the defendant, after pleading the general issue, tendered a special plea in writing, which the trial court rejected, because the defendant could prove under the general issue everything it could prove under the special plea. The special plea was in the following words:

"And for further plea in this behalf the defendant says that the said plaintiffs were the agents of the said defendant for the sale of manufactured bark, the said plaintiffs having been selected by them as their *factors* or commission merchants, to sell and dispose of their said goods, wares and manufactured articles that were to be shipped to them from

time to time, and that said defendants afterwards shipped such goods, wares and manufactured products in great quantities, and of great value, to be sold regularly and, as usual by such agents, factors, and commission merchants, with the understanding that the net proceeds of such sales—that is to say, such sum or sums as remained of the purchase-money, after deducting all proper and lawful costs and charges, should be credited to the defendant, Geo. Campbell Co., and paid over to it, nevertheless the said plaintiffs have recklessly, unlawfully, and fraudulently sold the defendants property aforesaid at unreasonable and wholly inadequate prices, and have taken and appropriated from the proceeds, fraudulent and unreasonable and unlawful charges, and the defendant says that it is by reason of this unlawful and fraudulent conduct on the part of the plaintiffs as the factors and commission merchants of defendant, and by reason of the mismanagement and fraudulent proceeding aforesaid on the part of the said plaintiffs in the premises the seeming balance against this defendant appears, whereas by a faithful attention to the matters of this defendant aforesaid committed to their charge this defendant would owe the said plaintiffs nothing.

And this the said defendant is ready to verify.''

*Wm. M. Flanagan*, for the plaintiff in error.

*Willis B. Smith*, for the defendant in error.

Riely, J.: This is an action of *assumpsit*, and the declaration contains only the common counts.

In every action of *assumpsit*, the plaintiff is required to file with his declaration an account stating distinctly the several items of his claim, unless it be plainly described in the declaration. Sec. 3248 of the Code. The defendant demurred to the declaration solely on the ground of alleged defects in the

bill of particulars. He claimed that it was vague and indefinite; and also that it was inconsistent with the declaration, in that it set forth transactions in sterling money, whereas the declaration alleged an indebtedness in and a promise to pay in the money of account of this State.

Defects in a bill of particulars cannot be taken advantage of on a demurrer to the declaration. They are not within its scope, and it does not lie for such purpose. Barton's Law Pr., 337; *Abel* v. *Penn. Mutual Ins. Co.*, 18 West Va. 400; and *Sheppard* v. *Ins. Co.*, 21 West Va. 368. Where a sufficient bill of particulars is not filed, the proper practice is to apply to the court to require the plaintiff to file an amended and sufficient account of his claim; and, if he fail to do so, to move the court to exclude evidence of any matter not described sufficiently to give him notice of its nature and character. Tidd's Prac. 596 to 600; 1 Barton's Law Pr., 337-38; *Moore* v. *Mauro*, 4 Rand. 488; *Purdy* v. *Warren*, 18 Wend. 671; and *Starkweather* v. *Kittle*, 17 Wend. 20. The court, therefore, properly overruled the demurrer. We have, notwithstanding, examined the amended bill of particulars filed by the plaintiff after the first demurrer was sustained by the court, and find that the several items of the plaintiff's demand are stated in such manner as to leave no doubt of the causes of action to be, and which were, relied upon on the trial. Matters of evidence are not required to be stated in a bill of particulars. *Garfield* ·v. *Paris*, 96 U. S. 557. And we further find that, although each item is for a transaction in foreign money, yet the value of such money is computed and expressed in domestic money. The defendant was without any reasonable ground of objection to the amended bill of particulars.

The first bill of exceptions was founded on the objection of the defendant to the introduction as evidence of certain papers and depositions "tending to show transactions between the

parties in sterling money," when the indebtedness alleged in the declaration was in the money of account of the State. About this I had some difficulty at first, and thought that the declaration, in order to admit such evidence, should have set forth the indebtedness in sterling money, and left its value in domestic money to be ascertained by the jury under the provisions of the statute (sec. 2816 of the Code); or should have stated the indebtedness to be in foreign money of the value of so much domestic currency; and I still think this the more correct method. 3 Rob. Pr. 498-99; 2 Chitty on Plead. 85-86; *Brown, &c.* v. *Jones' Adm'r*, 10 Gill. & J. 334. But upon reflecting on the office of a bill of particulars, that it is to give a fuller and more particular specification of the matter contained in the declaration, and to be read in connection with it, I have come to the conclusion that the bill of particulars supplies the defect of the declaration, if any, and that the objection of the defendant ought not to prevail. In the amended bill of particulars, as previously stated, the several items of the demand of the plaintiff are not merely set forth in sterling money, but its value is calculated and expressed in Federal money, and the aggregate in such money corresponds precisely with the amount alleged in the declaration. This being the case, it is the same in substance and in effect, as if the indebtedness had been alleged in the declaration in foreign money of the value of so much domestic currency, which would have rendered admissible the evidence objected to.

It was also urged in the oral argument that the drafts and acceptances mentioned in the bill of particulars should not have been admitted as evidence, because their genuineness was not proved. An inspection of the bill of exceptions shows that this was not made a ground of objection to their introduction on the trial in the lower court, and it cannot be raised and considered here now. The specific objection, on

this ground, made to the admission of the letter of the defendant of August 8, 1891, confirms this view. The propriety of its admission will be adverted to further on.

Objection was made to the admission of copies of certain letters, which had been written by the plaintiff to the defendant, on the ground that no notice had been given to produce the originals, and no foundation laid for the introduction of the copies. This was irregular and improper, but an examination of the letters show that they were not at all necessary to the maintenance of the plaintiff's case, and could not have prejudiced the defendant. So far from being prejudicial, they were in his favor. They contain, in the main, the accounts of sales of bark consigned by the defendant to the plaintiff, out of which this controversy arose, and show the credits to which the defendant is entitled. If all of these letters had been excluded, and also the letter of August, 1891, referred to above, the strength of the remaining testimony of the plaintiff would not have been thereby impaired, which was ample to sustain the verdict of the jury and the judgment of the court. *Southern Mutual Ins. Co.* v. *Trear*, 29 Gratt. 255; and *Preston* v. *Harvey*, 2 Hen. & Munf. 55.

It was also assigned as error that the jury, on the trial of the issue made by the pleadings, assessed damages when no writ of enquiry of damages had been awarded. The defendant pleaded the general issue at the first rules, and, this being the case, it would be a sufficient answer to this assignment of error to refer merely to the provisions of the Code of Va. on this subject. Secs. 3284, 3285, 3286, and 3288. An order of inquiry of damages, where it is necessary, is confined to cases where the defendant has not appeared and pleaded. Where an issue is made by the pleadings, and it is tried by a jury, then the jury, at the same time that they try the issue, assess the damages; so that in such case no writ of inquiry is necessary. This is the usual and immemo-

rial practice. Stephen on Pleading, 127; 4 Minor's Institutes (3d ed.) Pt. 1, 955; 1 Barton's Law. Practice, 564; *James River and Kanawha Co.* v. *Lee,* 16 Gratt. 424; and *Rees* v. *Conococheague Bank,* 5 Rand. 326. It will be seen from an examination of the cases relied on by counsel for the plaintiff in error that they were all cases in which no plea had been filed, and the judgment was by default. They are not therefore pertinent to the case at bar.

On the trial of the case, the court, on the motion of the plaintiff, gave the jury the following instruction:

"The court instructs the jury that in ordinary dealings a factor must obey his principal's orders as to prices and sales, but if he advances on the goods to the principal, and demands payment of said advances, then if his advances are not returned, he has a right to sell and reimburse himself; that he has then a special property in the goods, and a right to sell follows therefrom;" to which instruction the defendant excepted, and this constitutes his third bill of exceptions. The instruction correctly expounds the law applicable to the case, and the court did not err in giving it. *Brown & Co.* v. *McGran,* 14 Peters, 479; and *Field* v. *Farington,* 10 Wall. 149.

It is also assigned as error that the verdict of the jury exceeds the damages claimed in the declaration. The indebtedness claimed in each count of the declaration is $1,347.36 as of December 21, 1891, and the damages laid at $2,000. The verdict of the jury was for $1,344.08, with interest from December 12, 1891. This claim of error is without foundation.

Exception was taken to the ruling of the court in rejecting the special plea set out in the sixth bill of exceptions. The court, in rejecting the plea, stated that it did so because the defendant could prove under the plea of *non assumpsit,* which it had already pleaded at a former term, all that it could prove under this special plea. The special plea sets forth, in substance, acts of misconduct by the plaintiff in the perform-

ance of its duty as the factor of the defendant in the sale of its goods and in the retention out of the proceeds of sale of fraudulent, unreasonable, and unlawful charges in the matter of expenses. Evidence of such matters was clearly admissible under the general issue. 4 Minor's Institutes, Pt. 1, 773-74; 1 Barton's Law Practice, 500-501; Stephen on Pleading, 180-181; and 2 Greenleaf on Evidence, sections 135 and 136, and notes thereto. It is apparent from the character of the evidence introduced by the defendant that it availed itself of the right to do so, and without objection from the plaintiff. The special plea was properly rejected.

The remaining assignment of error is to the refusal of the court to set aside the verdict and award the defendant a new trial. It would prolong this opinion, already too extended in view of the nature of certain of the errors assigned, to recite and discuss the evidence. It is sufficient to say that we have carefully examined it, and that in our opinion it fully sustains the verdict of the jury.

We find no error in the judgment of the Circuit Court of Powhatan county for which it should be reversed, and the same is affirmed.

The other judges concur in the opinion of RIELY, J.

AFFIRMED.