# Richmond.

## CLINCHFIELD COAL CORPORATION v. BROOKS.

### November 11, 1915.

1. APPEAL AND ERROR—*Assumpsit*—*Refusal to Require Bill of Particulars Under Section 3248 of Code*—*Case at Bar.*—Under the plain provision of section 3248 of the Code, the plaintiff in *every* action of *assumpsit* is required to file with his declaration an account stating distinctly the several items of his claim, unless it is plainly described in the declaration, and the refusal of the trial court, upon request in a proper case, to require such account to be filed constitutes reversible error. In the case at bar, the declaration is little more than a skeleton, and does not state distinctly the several items of the plaintiff's claim, but omits many particulars as to which the defendant should have been informed, hence it was error for the trial court to refuse the defendant's request for a bill of particulars.

Error to a judgment of the Circuit Court of Dickenson county in an action of *assumpsit.* Judgment for the plaintiff. Defendant assigns error.

*Reversed.*

The following is a copy of the declaration referred to in the opinion of the court:

### DECLARATION.

In the Circuit Court for Dickenson county, Virginia:

William M. Brooks, complains of the Clinchfield Coal Corporation, a corporation existing and doing business under and by virtue of the laws of the State of Virginia, of a plea of trespass on the case in *assumpsit,* for this, to-wit: that heretofore, to-wit: on the —— day of ———————— 19 ——, in

said county of Dickenson, by a certain contract then and there made between the said plaintiff and said defendant, the said plaintiff agreed to move his saw mill and machinery and furnish the labor and manufacture all the timber on a boundary of land, the defendant then owned on the head of McClure creek, on which was known as the Hale and other adjoining tracts of land, containing ———————— thousand acres, a further description of which cannot be here given, but which was lying above the Trammell creek and was all the land defendant owned above said creek, into lumber, to-wit: ——————— thousand feet, and for the said manufacturing of the said lumber, the said plaintiff was to receive and be paid nine ($9.00) dollars per thousand feet, and the payments to be made each and every month for the lumber manufactured the previous month, according to the custom of the said defendant corporation.

And it was also then and there agreed between the said plaintiff and the said defendant that the said plaintiff was to commence his work on the ——— day of ———————— 19 ———, and to manufacture the said lumber continuously without any interruption or instruction from the said defendant corporation till the said contract was discharged as to his, the said plaintiff's part, without any certain quantity being named in which the said plaintiff should manufacture, in any designated period of time, and the defendant and its agents were very anxious to get the plaintiff to move there and manufacture lumber as before set out and not interfere with the said plaintiff or stop him from work until it was all completed, but the defendant corporation has wholly failed and refused to comply with its promises and undertakings.

And the said contract being so made as hereinbefore set out, afterwards, to-wit: on the day, month and year first above mentioned, in consideration thereof, and that the said plaintiff, at the special instance and request of the said defendant, had then and there undertaken and faithfully promised the said defendant to perform and fulfill the said contract and all things

on the said plaintiff's part and behalf to be performed and fulfilled, it, the said defendant, undertook, and then and there faithfully promised the said plaintiff to perform and fulfill the said contract in all things on the said defendant's part and behalf to be performed and fulfilled, and the said plaintiff hath always from the time of the making of the said contract performed and fulfilled all things on his part and behalf in the said contract to be fulfilled, and did afterwards, to-wit, on the day, month and year second aforesaid, enter upon said tract of land and moved and set up his saw mill and machinery on said land and commenced the manufacture of the said lumber and for that purpose did procure and find all machinery, materials and labor necessary for performing the same, and did manufacture the same in part, to-wit, about ———————— thousand feet, thereof, as agreed, and to the satisfaction of the said defendant corporation, and which lumber so manufactured plaintiff made a profit of ————— dollars on each and every thousand feet, and would and could have made the same or a greater profit on each and every thousand feet on the residue and hath always been ready and willing to perform and complete the whole of the said work as aforesaid, in pursuance to the said contract, all of which premises the said defendant hath notice.

Yet the said plaintiff in fact saith, that the said defendant, contriving and wrongfully intending to injure the said plaintiff, did not, nor would perform the said contract, nor its said promises nor undertakings, but thereby craftily and subtly deceived the said plaintiff, in this, to-wit: that the said defendant did not, nor would permit the plaintiff continuously to cut, saw and manufacture the said timber into lumber until the whole and each and every part of the said timber was cut and manufactured as aforesaid, but on the contrary on the ——— day of ——————————— 19 ———, the said defendant notified the said plaintiff not to cut and manufacture any more of the said timber into lumber and to cease work, and hath hitherto wholly neglected and refused, and doth still neglect and refuse to allow the

said plaintiff to proceed with his work and fulfill and discharge the contract as aforesaid, and the said defendant further disregarding the said contract and its said promises and undertakings, afterwards, to-wit: on the —— day of ————————, 19——, did not, nor would permit or suffer the said plaintiff to proceed with the manufacturing of the said lumber as aforesaid, and then and there wholly hindered and prevented him from so doing, and then and there wrongfully discharged the said plaintiff from any other performance or completion of his said contract, promises and undertakings, whereby the said plaintiff hath lost and been deprived of great profits, to-wit, the profits which he would have made from cutting the timber from ———— thousand acres of lands aforesaid which would have amounted to ———————— hundreds of thousand feet, and advantages which he otherwise might and would have derived and acquired from the completion of the said work and contract. Wherefore, the said plaintiff says that by reason of the premises he is injured and hath sustained damages to the amount of Four Thousand Dollars.

And for this also, to-wit, that heretofore, to-wit, on the —— day of ———————— 19——, an agreement was entered into between the plaintiff and the defendant in which agreement it was stipulated and agreed that the plaintiff should manufacture for the defendant all that certain tract or boundary of timber that the said defendant then owned on the head of McClure creek, which said timber is on what was known as the Hale and other tracts and included all the lands above the mouth of Trammell creek, into lumber, to-wit: ———————— thousand feet, the said lumber to be manufactured according to the orders and bills to be furnished the said plaintiff by the said defendant for which the said defendant agreed to pay the said plaintiff at the rate of nine ($9.00) dollars per thousand feet to be paid for as manufactured, which payments were to be made at the defendant's usual pay day at Dante once each and every month, the said work was to be commenced and carried

on continuously and without ceasing until the whole and each and every part of the said timber was cut and manufactured as aforesaid, all of which agreement was duly made and entered into between the plaintiff and defendant and they mutually promised and undertook to perform its terms and stipulations upon their parts respectively.

And the plaintiff avers that afterwards, and forthwith after the making of the said agreement with the defendant, to-wit, on the day, month and year last aforesaid, he offered, and from that time to the institution of this action, he has been and at all times ready, able, and willing to do and perform the stipulations and provisions on his part, to be done and performed and to cut and manufacture the said timber into lumber as was therein stipulated and agreed between them from which he would have made and cleared at least ———————— dollars on each and every thousand feet of lumber so by him manufactured for the defendant according to said contract, all of which the said defendant had notice.

Yet, the said defendant, not regarding its said promises and undertakings, but contriving and intending to injure the said plaintiff in this behalf, afterwards, to-wit, on the day, month and year last aforesaid, although the plaintiff then and there and at any time and all times thereafter stood ready, willing, and able to perform and offered to perform and complete the said contract on his part and notified the defendant of his readiness and willingness, to perform the same, that he, the said plaintiff, would not release it from the said agreement, did repudiate and abandon the said agreement which it had entered into with the plaintiff, as aforesaid, and did then and there and at divers times thereafter, notify the said plaintiff that it had repudiated and abandoned the said agreement, and that it did and would refuse to perform the same on its part, and that it would not receive or pay for the lumber so contracted and furnished, and manufactured by the said plaintiff as aforesaid, and that it would not pay the sum of money agreed to be paid

therefor per thousand, or any part thereof, during all of which time, it, the defendant, well knew that the plaintiff stood ready, able and willing to perform the said agreement upon his part, and demanded of it that it, the defendant, perform the said upon its part.    And the plaintiff says that by reason of the premises and of the fact that the defendant has abandoned and repudiated the said agreement made by it with the plaintiff, as aforesaid, and by reason of its refusal to abide by the terms and provisions of the said agreement and to perform the same on its part the plaintiff has been deprived of great gains and profits, which he would have derived from the performance of the said agreement by the parties thereto, and from the cutting and manufacturing of the said lumber as stipulated at the price agreed to be paid therefor in said agreement had the defendant abided by and performed the said agreement on its part, and permitted the plaintiff to perform the same on his part as was agreed between them.

Wherefore the said plaintiff says that by reason of the premises, he has been injured and sustained damages to the amount of four thousand dollars ($4,000.00).    And therefore he institutes, this, his action of trespass on the case in *assumpsit.*

WM. M. BROOKS,

By Counsel.


*W. H. Rouse, J. Norment Powell* and *Morison, Morison & Robertson,* for the plaintiff in error.

*Sutherland & Sutherland,* for the defendant in error.

KEITH, P., delivered the opinion of the court.

William M. Brooks brought an action of *assumpsit* against the Clinchfield Coal Corporation and filed his declaration.    The defendant appeared, pleaded *non assumpsit,* and asked the court to require the plaintiff to file a bill of particulars of its claim,

under section 3248 of the Code. This the court refused to do, and the defendant excepted. At the trial there was a verdict for the plaintiff, to which a writ of error was awarded.

During the progress of the trial numerous bills of exception were taken and are made the basis of numerous assignments of error. We deem it necessary to consider only the refusal of the court to order the bill of particulars to be filed, as requested by the defendant.

Section 3248 of the Code is as follows: "In every action of assumpsit the plaintiff shall file with his declaration an account stating distinctly the several items of his claim, unless it be plainly described in the declaration."

There is the plain statutory requirement that in *every* action of assumpsit the plaintiff shall file an account with his declaration, and he can only be excused from doing so by showing that the claim is plainly described in the declaration.

The declaration under consideration is little more than a skeleton, and does not state distinctly the several items of the plaintiff's claim, but omits many particulars as to which we think the defendant should have been informed.

In *Campbell Co.* v. *Angus & Co.*, 91 Va. 438, 22 S. E. 167, it is said: "The bill of particulars required by section 3248 of the Code is no part of the declaration, and a demurrer will not lie for defects in such bill. The proper course to pursue, where a sufficient bill of particulars is not filed, is to apply to the court to require the plaintiff to file an amended and sufficient account of his claim."

This course was pursued in this case, and we are of opinion that it was reversible error to deny the request.

Without passing upon other assignments of error which may not arise in a future trial, the judgment of the circuit court is reversed and the case remanded to be further proceeded in.

*Reversed.*