# Richmond.

K. C. Moore, Trustee, v. Brent Bowman, et als.

November 15, 1928.

Absent, Chichester, J.

The opinion states the case.

*John Paul* and *D. O. Dechert*, for the appellant.

*Haas & Haas*, for the appellees.

WEST, J., delivered the opinion of the court.

In March, 1925, D. O. Dechert and Staples Motor Company filed their bill in chancery in the Circuit Court·of Rockingham county, Virginia, against Brent Bowman, to set aside certain conveyances and transfers of property made by him, and to collect $452.50 due D. O. Dechert for legal services rendered Brent Bowman, and a further sum of $1,000.00 for legal services rendered Brent Bowman by D. O. Dechert and Charles Curry, which account had been assigned to D. O. Dechert by Charles Curry; and also to collect the sum of $478.94 due Staples Motor Company by Brent Bowman.

The bill alleged that all of this indebtedness of Bowman was due and owing to complainants prior to February 9, 1925; that Bowman was on that date and on the date of the filing of the bill wholly insolvent; that Bowman on that date and while insolvent, out of funds belonging to him, paid off and discharged to one David S. Rhodes, the beneficiary in a certain deed of trust, bearing date July 23, 1920, executed by Wm. R. Bowman and Lucy E., his wife (father and mother of Brent Bowman), conveying to Ward Swank, trustee, certain real estate in the city of Harrisonburg, Virginia, to secure to said Rhodes the payment of $1,500.00 with interest amounting to $40.00, which was wholly due by W. R. Bowman; that in 1923 Brent Bowman purchased from Staples Motor Company a Buick touring automobile, serial number 1,022,089, and on the 10th day of February, 1925, conveyed said automobile to John W. Morrison, trustee, to secure W. R. Bowman, father of Brent Bowman, an alleged debt of $1,774.47; that about February 1, 1925, Brent Bowman purchased of Staples Motor Company another Buick automobile, model 1924—49, motor No. 1,233,277, frame No. 1,-213,604, for the sum of $1,774.00. Of this sum he paid in cash $600.00 and delivered certain notes for the residue thereof, signed by Wm. R. Bowman, which were paid off on February 12, 1925, ostensibly by William R. Bowman, but in fact with the money of Brent Bowman; that Brent and William R. Bowman now claim that the last mentioned automobile is the property of William R. Bowman; that the discharge of the said lien on the real estate of William R. Bowman was "purely voluntary, as were the execution of said deed of trust and said attempted transfer of the title in and to said automobile, and that each and all of said transactions were with the knowledge of said

William R. Bowman, with intent to hinder, delay and defraud the creditors of said Brent Bowman;" that complainants are entitled to have the attempted transfer of title to the last mentioned automobile and said deed of trust upon the first mentioned automobile cancelled and set aside and the automobile sold for the satisfaction of complainant's claims and also to have the said transfer of said money belonging to Brent Bowman to said William R. Bowman annulled and vacated and the real estate subjected to the payment of the debts due complainants by Brent Bowman.

The prayer of the bill is that the transfer of the money and deed of trust conveying the property of Brent Bowman to William R. Bowman be declared voluntary, fraudulent, null and void, and that it be set aside; that the debts due complainants be established and adjudged to be a lien upon said real estate and said automobiles; and that the same be sold to satisfy the complainants' said debts, and for general relief.

On the 17th day of March, 1926, Brent Bowman was duly adjudged a bankrupt, in the District Court of the United States at Harrisonburg, Western District of Virginia.

On March 30, 1926, K. C. Moore was appointed trustee in bankruptcy for Brent Bowman, and by an order entered April 2, 1926, said trustee in bankruptcy was authorized to intervene as a party plaintiff in the chancery cause now pending in this court, above referred to and styled *D. O. Dechert, et al.* v. *Brent Bowman, et als.*

On May .5, 1926, K. C. Moore, trustee in Bankruptcy of Brent Bowman, upon his petition filed in said last mentioned cause, was admitted a party plaintiff in the place and stead of the complainants and permitted to prosecute the same, accordingly.

In his petition, N. C. Moore, trustee in bankruptcy of Brent Bowman, prays that he may be permitted to adopt the charges and allegations of the bill of complaint filed herein by the original complainants, that the transfers of the property of Brent Bowman to William R. Bowman be declared to be voluntary, fraudulent, null and void, and be set aside, and for all such other, further and general relief as the nature of the case may require.

By consent of the parties, by counsel, it is agreed that "on February 28, 1925, a petition in involuntary bankruptcy was filed in the United States District Court for the Western District of Virginia, by Staples Motor Company, etc., against Brent Bowman, alleging that on the 10th day of February, 1925, Brent Bowman, then being insolvent, did commit two certain acts of bankruptcy; that one of the acts of bankruptcy so charged consisted in his discharge to one Rhodes of a certain deed of trust lien on the house and lot of William R. Bowman for $1,540.00 out of funds belonging to said Brent Bowman; and the other in his having executed a deed of trust securing to William R. Bowman the payment of an alleged debt of $1,774.47, resting upon a certain automobile then owned by Brent Bowman; and that afterwards, to-wit, on the 12th day of March, 1926, said Bowman was on said petition adjudged a bankrupt."

The cause was heard upon the pleadings, stipulations of the parties, depositions of witnesses, exhibits filed and arguments of counsel, and on the 25th day of October, 1927, a decree was entered adjudging that the "transfer by Brent Bowman of $1,540.00 to said William R. Bowman by the payment of a deed of trust lien in favor of Davis S. Rhodes on the real estate of said Wm. R. Bowman," was not fraudulent, and denying the relief prayed for as to such payment.

The decree further adjudged that "the conveyance by Brent Bowman to John W. Morrison, trustee, dated February 10, 1925, securing an alleged debt due Wm. R. Bowman in the principal sum of $1,774.47, was executed with intent to hinder, delay and defraud the creditors of Brent Bowman," and therefore was null and void as to his creditors.

Upon the petition of K. C. Moore, trustee in bankruptcy of Brent Bowman, this appeal was allowed from that decree.

Petitioner assigns as error the "failure of the court to annul and set aside the transfer by Brent Bowman to William R. Bowman of the sum of $1,540.00 paid to David S. Rhodes, and to revive the deed of trust to Swank, trustee, securing said Rhodes debt, for the benefit of petitioner, or otherwise substituting petitioner to the position of said Rhodes with the same priority as a creditor of William R. Bowman entitled to a lien on said house and lot."

Whenever a debtor is adjudged a bankrupt, and a trustee in bankruptcy is appointed to take charge of his assets, it becomes the duty of such trustee to collect and distribute such assets in accordance with the provisions of the bankrupt law. K. C. Moore, trustee in bankruptcy, has been admitted as party complainant in this cause for that purpose.

Section 67 (e) of the bankrupt act (11 U. S. C. A. section 107 (e) provides as follows: "That all conveyances, transfers, assignments, or incumbrances of his property, or any part thereof, made or given by a person *adjudged a bankrupt under this act*, subsequent to the passage of this act and *within four months* prior to the filing of the petition, with the intent and purpose *on his* part to hinder, delay, or defraud his creditors, *or any of them*, shall be null and void as against

the creditors of such debtor, except as to purchasers in good faith, and for a *present, fair* consideration; and all property of the debtor conveyed, transferred, assigned, or encumbered as aforesaid, shall, *if he be adjudged a bankrupt * * * * be and remain a part of the assets and estate of the bankrupt and shall pass to his trustee, whose duty it shall be to recover and reclaim the same, by legal proceedings or otherwise, for the benefit of the creditors * * *. For the purpose of such recovery any court of bankruptcy * * * and any state court which would have had jurisdiction if bankruptcy had not intervened shall have concurrent jurisdiction." (Italics ours.)

As appears, *supra*, an involuntary petition in bankruptcy was filed in the proper court, against Brent Bowman, on February 28, 1925, and on March 17, 1926, he was duly adjudged a bankrupt. The transfers and conveyances of property complained of in this cause and charged to have been made with intent to hinder, delay and defraud the creditors of Brent Bowman, were made on the 10th day of February, 1925, within four months prior to the filing of the petition in bankruptcy.

The right of creditors to have such transfers of property set aside, under the bankrupt act, does not depend upon proof that the transferree shares the intent to hinder, delay and defraud the creditors of the bankrupt. It is only necessary that the trustee show that the bankrupt made the transfer with the intent *on his part* to hinder, delay, or defraud his creditors or *any of them*, to make such transfer null and void, as against the creditors of such debtor, "except as to purchasers in good faith and for a *present fair* consideration." (Italics ours.) The Bowmans do not contend in their answer, nor elsewhere, that there was

any *present consideration* for either of the transfers of property, passing at the time the transfer was made. On the contrary it is stated that the consideration was moneys theretofore advanced by Wm. R. Bowman to Brent Bowman.

In his examination as a witness in the bankruptcy proceedings, Brent Bowman admitted that on February 9, 1925, his liabilities exceeded his assets by over $2,000.00, after he had received from the Towns Bus Company the $4,800.00 for his bus line franchise, and excluding from his liabilities any sums due by him to Dechert, Staples Motor Company, or William R. Bowman. No objection was made to the introduction of this admission as evidence against William R. Bowman.

Objections to the admissibility of such evidence cannot be made for the first time in this court. *Burkholder* v. *Ludlom*, 30 Gratt. 265 (70 Va.), 32 Am. Rep. 668; *George Campbell & Co.* v. *Geo. Angus & Co.*, 91 Va. 438, 22 S. E. 167.

The only material question remaining to be considered under the bankrupt act is: "Were the transfers in question made by Brent Bowman with the intent on his part to hinder, delay, or defraud his creditors, or any of them? This question must be answered in the affirmative.

Brent Bowman stated to D. O. Dechert and E. C. Martz that he intended to put the $4,800.00 which he received for his bus line franchise in bank, to prevent his creditors from getting it.

W. H. Shadwell was sent by Dechert to see Brent Bowman and collect the amount due Dechert for legal service. In answer to the request that he make settlement, Bowman said: "I didn't owe him nothing and I won't pay him a damn cent. I got the money in my pocket and I would like to see anybody get it."

Brent Bowman stated in the presence of A. D. Shomo about the time he sold his bus line franchise, that he "was going to be hard-boiled from that time on and if necessary would spend two dollars to save one." He also stated to Ralph Staples, a few days after the sale of the franchise that "he had made a mistake; that what he should have done was to put the money in his pocket and left Harrisonburg and gone to Washington to live."

■ On February 10, 1925, Brent Bowman used $1,540.00 of his own money to discharge a lien debt due by William R. Bowman to David S. Rhodes. There was no present consideration passing for this payment, and it sufficiently appears from the evidence that there was no *express contract* and agreement between Brent and William R. Bowman, that the former would pay the latter any certain sum of money, alleged to be due to the latter, for room rent and board. It sufficiently appears from the facts and circumstances shown in evidence that this payment by Brent was made with the intent on his part to hinder, delay or defraud his creditors. The transfer having been made with such intent and without present consideration, under the bankrupt law, complainant is entitled to have the same set aside and annulled for the benefit of the transferor's creditors.

In Students' Remington on Bankruptcy, page 180, the law is stated thus: "Under the last class of titles and rights obtained by the trustee in bankruptcy, the third subject is not comprehended within the ordinary common law rights of creditors.

■ "For the bankruptcy act by its peculiar provisions makes void all transfers made by a bankrupt within four months of his bankruptcy, where such transfers were made with the intent on his part to

hinder, delay, or defraud creditors, although the transferee in no way participated in such intent; unless such transferee shall prove, by way of defense, his own *bona fides* and his giving of a present, fair consideration therefor.

"This simply throws upon the transferee the burden of proving good faith and present consideration, instead of throwing upon creditors the burden of proving his participation in the fraudulent intent.

\*        \*        \*        \*        \*        \*

"By this provision of section 67 (e), then, fraudulent conveyances within the four months are voidable if made with solely the debtor's intend to hinder, delay, or defraud creditors, even if there be no participation of the transferee in the intent, unless the transferee himself prove his own good faith and his giving of a present fair consideration therefor."

"A trustee in bankruptcy, as a representative of the creditors, may sue to recover property which has been transferred by the bankrupt with intent to hinder, delay, or defraud, his creditors, or to give a preference, or money which has been paid to create a preference." 7 C. J., section 387, page 247.

Appellee, William R. Bowman, assigns as cross-error so much of the decree as sets aside as fraudulent the deed of trust placed by Brent Bowman on the automobile, which he conveyed to John W. Morrison, trustee, on February 10, 1925, to secure an alleged indebtedness to William R. Bowman in the principal sum of $1,774.47.

It is conceded that the automobile was paid for with funds from the bank account of William R. Bowman, which were placed to his credit by Brent Bowman, in part payment, it is claimed, of debts due by Brent to his father; and it is also claimed that the deed of trust

was executed upon the automobile to secure the payment of money which W. R. Bowman had so loaned his son.

It is clear that the conveyance of the automobile to the trustee by Brent Bowman was made within four months prior to the filing of the petition in bankruptcy, for a past consideration, and with the intent to hinder, delay, or defraud one or more of the grantor's creditors and to give William R. Bowman a preference over Brent Bowman's other creditors. Under such circumstances the conveyance of the automobile to the trustee is null and void as against the creditors of the bankrupt debtor.

The assignment of cross-error is without merit.

So much of the decree as holds that the transfer by Brent Bowman of $1,540.00 to William R. Bowman by the payment of a deed of trust lien in favor of David S. Rhodes on the real estate of William R. Bowman was not with the intent to hinder, delay or defraud the creditors of Brent Bowman will be reversed and annulled; and so much of the decree as holds that the conveyance by Brent Bowman to J. W. Morrison, trustee, dated February 10, 1925, securing an alleged debt of $1,774.47 due William R. Bowman was executed with intent to hinder, delay, or defraud the creditors of Brent Bowman will be affirmed.

A decree will be entered here in conformity with the views herein expressed, and the cause will be remanded for such further proceedings as may be deemed necessary.

*Affirmed in part; reversed in part, and remanded*