RAMSEY v. BASKE.

FRAUDULENT CONVEYANCES—EVIDENCE—POSSESSION—BANKRUPTCY.
  Evidence *held*, to establish that quitclaim deed from mother to
  son of all her real estate, made without prior negotiation and
  for wholly inadequate consideration and, after execution, she
  remained in possession of property and became voluntary bank-
  rupt without assets, was made to hinder, delay and defraud
  creditors.

Appeal from Ingham; Collingwood (Charles B.), J.
Submitted January 10, 1934. (Docket No. 99, Cal-
endar No. 37,578.)   Decided March 6, 1934.

Bill by James R. Ramsey, trustee in bankruptcy
of the estate of Martha Baske, against Martha
Baske and Franklin W. Baske to set aside a deed
and for other relief. Decree for plaintiff. Defend-
ants appeal. Affirmed.

*Pierce & Planck,* for plaintiff.

*John F. Berry,* for defendants.

WIEST, J.   Plaintiff is trustee of the estate of
Martha Baske, bankrupt, and filed the bill herein to
set aside a quitclaim deed given by the bankrupt to
her son, defendant Franklin W. Baske, alleging the
deed was given to hinder, delay and defraud cred-
itors of the grantor. This is an appeal from a decree
setting the deed aside.

Mrs. Baske held title to many parcels of improved
real estate in the city of Lansing. Some of the par-
cels were incumbered by mortgages for practically
their value, while others had considerable value
above the mortgages thereon. In September, 1931,
on account of the financial depression, decrease in

rental value of her houses, inability to pay accrued taxes, meet interest on mortgages and care for a large unsecured indebtedness and, facing the probability of foreclosures with deficiency decrees against her, Mrs. Baske was headed toward financial disaster. So, on the 4th of that month, she called her son from Flint, where he was practicing medicine, and executed the quitclaim deed conveying her property to him. The deed did not obligate the grantee to assume and pay the mortgages. The deed stripped the grantor of all financial means, and might, upon first view, look like the act of an unwise mother, but subsequent events disclosed the contrary. The son left the mother in full control of the real estate and income therefrom.

On April 19, 1933, Mrs. Baske filed a petition to be adjudged a bankrupt and scheduled no assets, except some shares of stock of unknown value and pledged to a bank as security, some household goods and furniture, household stores, wearing apparel and personal ornaments, of the value of $250, and scheduled liabilities amounting to $47,181.22, of which $23,600 was secured, and $23,581.22 unsecured.

The evidence is persuasive that the purpose of the deed was in pursuance of a scheme to salvage something out of the real estate for the benefit of the grantor and in fraud of creditors. The grantor's possession and receipt of rents was not interfered with and, when ready, she could, and did ask to be adjudged to be a bankrupt without assets and to be absolved from liability on unsecured indebtedness and freed from mortgage deficiency liability.

The deed was given without any preliminary negotiations and was inspired by the grantor's financial plight and the hope of saving something out of the real estate by such a transfer of title and consequent delay and hindrance of unsecured creditors. The

claimed money consideration for the deed was $5, and it was claimed at the hearing that there was a contingent liability of the grantee on notes amounting to about $1,800, signed by him with the grantor. The $5 was no real consideration, and protecting the contingent liability of the grantee on the notes was intended as a preference instead of a consideration. The transfer was an ostensible one and not intended to be real. The grantee, a physician living in Flint, had no thought of acquiring the real estate until called to Lansing by his mother. He accepted the deed in order to help her and left her management of the properties and enjoyment to the rents therefrom undisturbed.

Defendants claim that the incumbrances, including interest in default, accrued taxes, considering the valuè, as a whole, of the several parcels, practically amounted to such value. We find that some parcels have a considerable value above such liens. Of course, if there is no margin plaintiff will not obtain any enhancement of the estate of the bankrupt by cancellation of the deed; neither will the grantee in the deed suffer loss.

We think the evidence establishes equities of value in some instances. The parcels are independent. The deed was given during pending litigation and in anticipation of future litigation, and we are satisfied by the evidence that it was made to hinder, delay and defraud creditors. Its purpose was to render Mrs. Baske insolvent. The consideration was wholly inadequate.

The decree, setting the deed aside, is affirmed, with costs to plaintiff.

Nelson Sharpe, C. J., and Potter, North, Fead, Butzel, Bushnell, and Edward M. Sharpe, JJ., concurred.