*106
 
 Zimmerman, J.
 

 On the
 
 record, we lace a situation where within three months of the filing of his petition in bankruptcy, Paul Noah Howard, .having creditors, made a conveyance of realty representing virtually his entire estate, and probably worth in the neighborhood of $3000, for an actual consideration of about $1250.
 

 Appellant relies entirely in this court on Section 67(e) of the National Bankruptcy Act, Title 11, Section 107(e), U. S. Code, which provides:
 

 “All conveyances, transfers, assignments, or incumbrances of his property or any part thereof, made or given by a person adjudged a bankrupt under the provisions of this title within four months prior to the filing of the petition, with the intent and purpose on his part to hinder, delay, or defraud his creditors, or any of them, shall be null and void as against the creditors of such debtor, except as to purchasers in good faith and for a present fair consideration; and all. property of the debtor conveyed, transferred, assigned, or encumbered as aforesaid shall if he be adjudged a bankrupt, and the same is not exempt from execution and liability for debts by the law of his domicile, be and remain a part of the assets and estate of the bankrupt and shall pass to his said trustee, whose duty it shall be to recover and reclaim the same by legal proceedings or otherwise for the benefit of the creditors. And all conveyances, transfers, or incumbrances of his property made by a debtor at any time within four months prior to the filing of the petition against him, and while insolvent, which are held null and void as against the creditors of such debtor by the laws of the State, Territory, or District in which such property is situate, shall be deemed null and void under the provision's of this title against the creditors of such debtor if he be adjudged a bankrupt, and such property shall pass to the assignee and be by him reclaimed and recovered for the benefit of
 
 *107
 
 the creditors of the bankrupt. For the purpose of such recovery any court of bankruptcy as hereinbefore defined, and any State court which would have had jurisdiction if bankruptcy had not intervened, shall have concurrent jurisdiction. ’ ’
 

 To avoid a transfer under the above subdivision, an intent to hinder, delay or defraud creditors on the part of the transferor must, of course, be proved. But such intent may be shown by the facts and circumstances surrounding the transaction as well as by direct evidence.
 

 “It is a general rule of law that gross disparity between the consideration and the actual value of the property conveyed is a badge of fraud. A debtor in failing circumstances cannot give his property away, nor relinquish it for an inadequate consideration.” 19 Ohio Jurisprudence, 752, Section 75.
 

 So, in a number of cases, an appreciable inadequacy of consideration for the transfer of property, under suspicious surroundings, has been held to establish an intent to hinder, delay or defraud creditors within the meaning of the Bankruptcy Act, and to void the transfer.
 
 Sherman
 
 v.
 
 Luckhardt,
 
 67 Kan., 682, 74 P., 277, 11 Am. B. Rep., 26;
 
 Morris
 
 v.
 
 Flenner,
 
 25 F. (2d), 211;
 
 Ramsey
 
 v.
 
 Baske,
 
 266 Mich., 264, 253 N. W., 291;
 
 Charlesworth
 
 v.
 
 Levy Meat Co.
 
 (C. C. A. 8), 73 F. (2d), 953.
 

 To secure a just distribution of the bankrupt’s property among his creditors is a primary object of the National Bankruptcy Act. 5 Ohio Jurisprudence, 136, Section 2'.
 

 The proposition has been well put in
 
 Webb’s Trustee
 
 v.
 
 Lynchburg Shoe Co.,
 
 107 Va., 807, 60 S. E., 130: “The purpose of the bankrupt act was two-fold — first, the relief of the bankrupt from his debts and, second, an equal distribution of his assets among his creditors. The several provisions of the act must be read'in the light of these two objects. When this is done, the
 
 *108
 
 conclusion cannot be escaped that it was intended to provide a remedy against every act by which a failing debtor seeks an unequal distribution of his assets among his creditors. Every such act is condemned as being against the spirit and purpose of the bankrupt law.”
 

 Mr. Justice Brandéis, rendering the opinion in
 
 Dean
 
 v.
 
 Davis,
 
 242 U. S., 438, 37 S. Ct., 130, 61 L. Ed., 419, 38 Am. B. Rep., 664, makes the flat statement:
 

 “A transfer, the intent (or obviously necessary effect) of which is to deprive creditors of the benefit sought to be secured by the Bankruptcy Act ‘hinders, delays or défrauds creditors’ within the meaning of Section 67e.”
 

 It would seem self-evident that when one possessing creditors deliberately disposes of practically all of his-property for considerably less than its true value and within three months of filing his petition in bankruptcy (as in the present case), he does so with the definite purpose in mind of hindering, delaying or defrauding his creditors.
 

 Thus, in
 
 Lovett
 
 v.
 
 Faircloth
 
 (C. C. A. 5), 10 F. (2d), 301, 7 Am. B. Rep. (N. S.), 308 (Certiorari denied, 270 U. S., 659, 46 S. Ct., 355, 70 L. Ed., 785), the court said:
 

 “We think that proof of intent to hinder or delay is proof of actual fraud * * *. A conveyance made with intent to hinder or delay creditors is as much within the terms of Section 67e as is a conveyance made with intent not to pay them at all.”
 

 Of like tenor is the pronouncement of this court in
 
 First National Bank of Chicago
 
 v.
 
 Trebein Co.,
 
 59 Ohio St., 316, 325, 52 N. E., 834: '
 

 “When one conveys all his property to another with the intention of hindering and delaying his creditors, or a part of them, in pursuing their legal remedies against him and his property, his conduct in law is deemed fraudulent * * *. The good faith of a party
 
 *109
 
 under such circumstances must be determined by tbe legal effect of what be deliberately does.”
 

 Howard did not testify in this case, but Mary E. Gillen did. Her testimony in substance was that preceding tbe conveyance no examination of tbe title to tbe real estate was made, and that she relied entirely upon Howard’s statement as to tbe balance due on the first mortgage. Furthermore, she testified that Howard made no mention of tbe Hanna Heinold judgment and that she was not aware of its existence until shortly before tbe bankruptcy petition was filed, but that be did say “be owed in tbe neighborhood of a thousand dollar doctor bills, and he asked me to take this property over.”
 

 Counsel for appellee maintain that tbe evidence showed no fraud or bad faith on tbe part of appellee and that tbe conveyance, having been made upon a valuable consideration, cannot be set aside under the bolding of this court in
 
 Bobilya
 
 v.
 
 Priddy, Assignee,
 
 68 Ohio St., 373, 67 N. E., 736, with which compare
 
 Carruthers
 
 v.
 
 Kennedy,
 
 121 Ohio St., 8, 166 N. E., 801, of tbe same portent.
 

 Tbe decisions in these cases were predicated upon Section 11105, General Code (formerly Section 6343, Revised Statutes), to tbe effect that a fraudulent transfer of property may not be vitiated unless tbe person to whom such transfer is made knew of tbe fraudulent intent. 19 Ohio Jurisprudence, 747, Section 71
 
 et seq.
 

 But is knowledge by tbe transferee of a fraudulent intent essential under Section 67(e) of tbe National Bankruptcy Act?
 

 This question is interestingly discussed in tbe case of
 
 In re Brown,
 
 291 F., 430, 433,1 Am. B. Rep. (N. S.), 344, where tbe court says:
 

 “With tbe knowledge on tbe part of Congress that by general interpretation or by statute tbe Statute of Elizabeth was invocable only when knowledge of tbe
 
 *110
 
 fraud was had by the grantee, it could not have by mere oversight omitted from section 67 e the requirement that knowledge of the fraud should rest upon the grantee in order to avoid the conveyance *
 
 * *.
 

 “It is now nearly 20 years since the case of
 
 Sherman
 
 v.
 
 Luckhardt,
 
 67 Kan. 682, 74 Pac. 277, 11 Am. Bankr. Rep. p. 26, was decided, holding that notice of the fraud was not necessary to avoid any act intended by the debtor in fraud of his creditors, and no amendment to the act in this respect has been adopted *
 
 *
 
 *.
 

 “The very act itself seems to definitely limit the fraudulent intent to the debtor himself, when it says: ‘With the intent and purpose on his part to hinder, delay, etc.’ ”
 

 The prevailing interpretation of Section 67(e) appears to be that intent to hinder, delay or defraud creditors need not be shared by the transferee to make a transfer within four months of bankruptcy proceedings void.
 
 Edward Hines Western Pine Co.
 
 v.
 
 First National Bank of Chicago
 
 (C. C. A. 7), 61 F. (2d), 503, 22 Am. B. Rep. (N. S.), 226;
 
 Moore
 
 v.
 
 Bowman,
 
 151 Va., 434, 145 S. E., 421, 18 Am. B. Rep. (N. S.), 741;
 
 Sherman
 
 v.
 
 Luckhardt, supra; Webb’s Trustee
 
 v.
 
 Lynchburg Shoe Co., supra;
 
 Gilbert’s Collier on Bankruptcy (2d Ed.), 1089. Contra,
 
 Irvmg Trust Co.
 
 v.
 
 Chase Nat. Bank
 
 (C. C.
 
 A.
 
 2), 65 P. (2d), 409.
 

 Without pursuing the discussion further, a majority of the members of this court are of the opinion that the undisputed evidence in this case shows a violation of the object and spirit of Section 67(e), that the conveyance was “null and void” as against Howard’s neglected creditors, and that the trustee is entitled to the property.
 

 No one can successfully dispute the fairness of such result. Upon a sale of the real estate, the first and second mortgages as valid and subsisting liens will of necessity have to be satisfied first from the proceeds, and the reasonable certainty exists that a substantial
 
 *111
 
 balance will remain for distribution to general creditors.
 

 Tbe judgment of tbe Court of Appeals is reversed and final judgment is entered for appellant.
 

 Judgment reversed.
 

 Weygandt, C. J., Stephenson and Williams, JJ., concur.